## WOLCOTT v. FEE.

PRACTICE  REVIVOR.—The statutes of Wyoming provide that the order of revivor in case of the death of a party shall be served and returned the same as a summons.  A different method having been followed: *Held,* that the statutes must be strictly and literally complied with.

ERROR to the District Court for Albany County.

The opinion of the court contains a sufficient statement of the case.

*E. P. Johnson,* for plaintiff in error, contended that error had been committed by the district court in the following particulars:

I.  Overruling motion to set aside the service of the order of revivor.   It should be served and returned as a summons: Laws of 1869, p. 596, sec. 457; Id. p. 519, sec. 65; Nash Pl. & Pr. 1189.

II.  The court erred in overruling defendant's motion for new trial, and in arrest judgment should not have been

rendered on the verdict, for death of plaintiff abates the action. The law presumes a party deceased cannot, or at least ought not, practice in mundane courts; hence the abatement. In this case the death of plaintiff appeared on the record. The verdict was a nullity. It could not be amended in matter of substance, nor could a stranger be brought into the record by amending verdict. Amendments to verdicts, see authorities cited in briefs of parties: Code, p. 242, sec. 74; *Clark* v. *Irwin*, 9 Ohio, 131; *Patterson* v. *U. S.*, 2 Wheaton, 221; *Bellows* v. *Hollowel*, 2 Mason, 31; *Sergeant* v. *The State*, 11 Ohio, 472. The verdict was not sustained by sufficient evidence; no personal responsibility being shown: Story on Agency, secs. 302 to 307, inclusive.

III. The court erred in rendering judgment in favor of John Fee. It was not in conformity with the verdict: Laws of 1869, p. 592, sec. 436; Powell on App. Pr., p. 153, secs. 58–9. Under the evidence and pleading, judgment should have been for defendant, notwithstanding the verdict.

*J. W. Kingman*, for defendant in error:

I. As to the amendment of the verdict by changing the name of the defendant: See Code of 1873, sec. 133.

II. As to service of order of notice: See Code of 1873, secs. 58, 56, 61. The order is not the summons: Code of 1873, secs. 54, 56; Court Rules, secs. 58, 412, 507; Laws of Wyoming Territory, 1869.

III. The jury found by direction of the court that this contract was made with defendant personally, and not as marshal. The evidence warrants such a finding. The official character of the defendant was not in issue, and would not avail as a defense if it had been: 12 Gray, 401; 3 Wallace, 334; 2 Kent's Com. 632–3, note a; *Gill* v. *Brown*, 12 Johns. 385.

By the Court, Fisher, C. J.: This was an action brought

to this court by petition in error from the district court of Albany county.

Thomas Fee, who was plaintiff below, brought his suit in said court for the recovery of the sum claimed to be due him for work and labor done at the request of Frank Wolcott, the defendant, in and about the territorial penitentiary. During the pendency of said action Thomas Fee died, and letters of administration of the estate of Thomas Fee were duly granted to John Fee. The death of Thomas Fee was suggested by the attorney of record, and it was ordered that the suit be revived in the name of the administrator. A notice of revivor was allowed by the district court, which was served upon Wolcott, the defendant. At the next term of said court, being the February term, A. D. 1875, the defendant, by his counsel, appeared specially and moved to set aside the service of the notice of revivor, on account of informality in the service thereof, which motion, after argument, was overruled, and defendant, by his counsel, then and there excepted to the ruling of the court.

A jury was then called, and the evidence of plaintiff was submitted, and the jury retired, without any evidence having been submitted on the part of the defendant. The jury returned a verdict in the following words and figures, to wit: "*Thomas Fee* v. *Frank Wolcott.* We, the jurors, find a verdict for plaintiff, and assess the damages at two hundred and thirty-seven dollars ($237). Laramie, February 8th, 1875. W. S. Bramel, foreman."

The defendant below, by his counsel, filed a motion in arrest of judgment, for the following reasons:

1. Because the verdict is not sustained by evidence, and is contrary to law, and upon which no judgment can be rendered.

2. Because the suit having abated by the death of Thomas Fee, no judgment can by the law of the land be rendered in his favor or against him. Which motion was overruled by the court, to which ruling defendant excepted.

Defendant filed his motion to set aside the verdict and

17

grant a new trial, for the reasons herein set forth: The defect in the service of the order of revival; the insufficiency of the verdict.    Which motion was overruled by the court, and exceptions taken.   The case was then duly brought into this court upon the errors assigned in the court below.

The record in this case shows that Thomas Fee died during the pendency of the suit, and that a motion was filed for its revival in the name of the administrator.   The statutes of Wyoming point out the proper course to proceed in the happening of such an event, viz., that the notice of revivor if not made by the consent of the parties, shall be served and returned in the same manner as of a summons: Laws of 1869, 596, sec. 457.  The manner of serving a summons and its return is prescribed in the same book, 519, sec. 65.  The record in this case shows that the provisions of the sections referred to were totally uncomplied with, hence there was a fatal defect in the service.   The verdict of the jury is radically defective, and while it possibly might have been amended so as to conform to the facts proven under the provisions of the civil code of this territory, yet the record does not show that any offer of that kind was made.   These errors being so apparent, it is not necessary to pass upon the other error assigned, viz., the insufficiency of the evidence.

The judgment of the district court is reversed and a *venire facias de novo* awarded.